Marcy Dill Director of Operations Department of the Treasury 140 State Capitol Building Denver, Colorado 80203
Dear Ms. Dill:
I am writing in response to your letter of January 5, 1981 which requests a legal opinion concerning a provision of a contract between the Colorado Department of Social Services (the "Department of Social Services") and the Food and Nutrition Service, United States Department of Agriculture. You have provided this office with a copy of that contract.
QUESTION PRESENTED AND CONCLUSION
Your specific question is whether the state treasurer may properly pay interest to an account established as a self-insurance reserve fund for the Department of Social Services (the "reserve fund") to cover losses of food coupons used in the food stamp program.
 It is my opinion that the state treasurer may not pay interest to the reserve fund. Any interest earned by moneys in the reserve fund should be paid to the general fund pursuant to C.R.S. 1973, 24-36-114.
ANALYSIS
The Department of Social Services has entered into an agreement with the Food and Nutrition Service of the United States Department of Agriculture to provide for self-insurance against losses of food coupons used in the federal food stamp program. It is my understanding that federal law makes the State of Colorado liable for such losses. One requirement of this self-insurance agreement is that the state establish an interest earning reserve fund with the state treasurer's office. The Department of Social Services and the Food and Nutrition Service are to make equal contributions to the fund at the beginning of each fiscal year. Moneys in this reserve fund are to be used to pay claims arising from losses of food coupons. The question presented by your letter is whether the state treasurer is authorized to pay interest to the reserve fund.
The Colorado General Assembly has established a general rule that interest earned on state moneys is to be paid by the treasurer to the general fund. C.R.S. 1973, 24-36-114 states that:
 All interest derived from the deposit and investment of state moneys shall be credited to the general fund unless otherwise expressly provided by law.
(Emphasis added.)
If the state treasurer is to pay interest to the reserve fund there must be an express provision of law establishing his authority to make those interest payments. I have not found any such express statutory authority in applicable state or federal law.
The Department of Social Services is designated as the single state agency to administer or supervise the administration of the federal food stamp program. C.R.S. 1973, 26-2-301(1) (1980 Supp.). The Department of Social Services is delegated broad authority to comply with federal requirements for the food stamp program. See C.R.S. 1973, 26-2-302 (1980 Supp.). Federal law makes the state liable for losses of food coupons.See 7 C.F.R. section 271.7(c), 276.3 (1980). The Department of Social Services has experimented with purchasing insurance for food coupon losses, but recently adopted regulations requiring self-insurance protection against such losses. Regulation B-4621, 10 CCR 2506-1 (1981). Federal law expressly provides that the state is not accountable for any interest earned on food stamp program funds pending their disbursement for program purposes. 7 C.F.R. section 275.6(c)(2) (1980).
Federal law does not appear to require that the state provide in advance for payment of claims arising from food coupon losses. Applicable state law gives the Department of Social Services broad discretion in administering the food stamp program, but does not expressly authorize the payment of interest to the reserve fund. In the absence of a requirement of either state or federal law that the reserve fund must be interest-earning, I am unable to conclude that an express provision of law authorizes the state treasurer to pay interest to the fund. The state treasurer should properly credit any interest earned to the general fund as required by C.R.S. 1973, 24-36-114.
SUMMARY
It is therefore my opinion that the state treasurer is not authorized to pay interest to the reserve fund, but must credit such earnings to the general fund. If you have additional questions concerning this matter please do not hesitate to contact this office.
Very truly yours,
 J.D. MacFARLANE Attorney General
TREASURER, STATE PUBLIC FUNDS FOOD STAMP PROGRAM INTEREST
C.R.S. 1973, 24-36-114
TREASURY, DEPT. OF All Other Areas SOCIAL SERVICES, DEPT. OF
The treasurer is not authorized to pay interest to a self-insurance reserve fund established to cover losses of food stamp coupons. Any interest earned must be paid to the general fund.